OPINION
{¶ 1} Defendant-appellant Robert L. Martin ("Martin") brings this appeal from the judgment of the Court of Common Pleas of Crawford County sentencing him to serve consecutive sentences of life in prison on the charge of aggravated murder, three years in prison on the fire arm specification, ten years in prison on the charge of aggravated burglary, five years in prison on the charge of burglary, one year in prison on the count of abuse of a corpse, eight years in prison on the count of aggravated arson, and five years in prison on the count of tampering with evidence.
 {¶ 2} On May 12, 1998, Martin and Billy Noggle ("Noggle") broke into the home of Raymond Campbell ("Campbell"), an eighty-one year old farmer. Martin and Noggle began rummaging around the home looking for valuables. The noise apparently woke Campbell who found the two in his home. Either Martin or Noggle then shot Campbell with a rifle and killed him. The two then took Campbell's wallet and checkbook and left the home. Martin then returned to the home and stole gasoline out of Campbell's supply tanks to fill up his car. The pair then drove to a friend's home, who later testified that Martin seemed excited when claiming that he had shot Campbell.
 {¶ 3} Over the next couple of days, Martin and some of his friends forged and cashed several checks stolen from Campbell. Martin received over $3,000.00 from this activity. On May 15, 1998, Martin and Noggle returned to Campbell's home to destroy the evidence. They poured gasoline throughout the home and on Campbell's body. Martin then left the residence and Noggle started the fire. Noggle then called the fire department from his home to report the fire. The fire destroyed most of the forensic evidence. The Crawford County Sheriff's Department began a homicide investigation when rumors began circulating that Noggle was bragging about the killing.
 {¶ 4} On June 1, 1998, the grand jury returned a six count indictment against Martin. The indictment charged Martin with one count of aggravated murder with a death penalty specification and a three year firearm specification, one count aggravated burglary with a three year firearm specification, one count of burglary, one count of aggravated arson, one count of abuse of a corpse, and one count of tampering with evidence. A jury trial began on November 2, 1998, and ended on November 13, 1998, with the jury finding Martin guilty of all charges except the death penalty specification. The trial court then sentenced Martin to life in prison with parole eligibility after 52 years. This court reversed that sentence for the trial court's failure to comply with the sentencing guidelines. Martin was then re-sentenced on September 16, 1999, to life in prison with parole eligibility after 52 years. No immediate appeal was taken from this sentence. This appeal is before us on a delayed appeal by leave of court. On appeal, Martin raises two assignments of error.
 {¶ 5} "The trial court erred in sentencing [Martin] to prison for maximum and consecutive sentences, when the trial court failed to make the necessary findings.
 {¶ 6} "The trial court erred by incarcerating [Martin] for 52 years before parole eligibility, as such incarceration is disproportionate to the facts at bar."
 {¶ 7} The first assignment of error claims that the trial court did not make the necessary findings to support the sentence. A trial court must make certain findings before sentencing a defendant to maximum and/or consecutive sentences.
 {¶ 8} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 9} "* * *
 {¶ 10} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term." R.C. 2929.19.
 {¶ 11} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. 2929.14(C).
 {¶ 12} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "* * *
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(E).
 {¶ 15} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 16} "* * *
 {¶ 17} "(c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2).
 {¶ 18} Here, the trial court, upon remand from this court, held a sentencing hearing and stated on the record the reasons why he was imposing the maximum sentence on each count. Specifically, the trial court found that the offenses were the worst forms of the offense, that Martin was likely to commit future crimes, that Martin lacked genuine remorse, that the age of the victim exacerbated the offense, and that serious physical and economic harm was caused to the victim. The trial court also noted that Martin had returned to the scene days later to destroy the body and any other evidence by burning the house and its contents to the ground. Based upon these factors, the trial court found that maximum consecutive sentences were necessary to adequately punish Martin and to protect the public from future crimes by Martin. The trial court also found that the sentence was proportionate to other sentences for similar offenses and would not demean the seriousness of the offenses. Given the facts before the trial court at trial and at the sentencing hearing, the findings of the trial court are supported by the evidence. The trial court made the necessary findings and stated its reasons for rendering this sentence upon the record. Thus, the first assignment of error is overruled.
 {¶ 19} In his second assignment of error, Martin claims that it was inappropriate to sentence a 19 year-old-man without a significant criminal history to a total of 52 years in prison before he is even eligible for parole. This court notes that Martin neither cites any authority nor cites any comparative examples to determine that the sentence was disproportionate. Instead, Martin provides a subjective opinion that the sentence is too severe and is thus not appropriate. Martin evidently believes that he should have a chance at a meaningful life and he can only get that if his sentences are served concurrently. At the sentencing hearing the trial court made the appropriate findings to sentence Martin to consecutive sentences. Thus, the trial court did not abuse its discretion in doing so. A jury found that Martin had killed Campbell, robbed him, and then two days later returned to destroy the body along with all of Campbell's belongings that Martin did not see fit to steal. Given the facts of this case, this court will not find that the sentence was disproportionate to the offenses. The second assignment of error is overruled.
 {¶ 20} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.